UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

AARON YOUNG,

Petitioner,

v.

WILLIAMS, acting warden,

Respondent.

Case No. 1:26-cv-08642-CDB (HC)

ORDER TO FILE SUPPLEMENT TO PETITION

**Deadline – Nov. 12, 2026**

Petitioner Aaron Young ("Petitioner") is a state prisoner proceeding pro se and *in forma pauperis* with a petition for writ of habeas corpus filed on April 14, 2025, pursuant to 28 U.S.C. § 2254, while Petitioner was in custody at the California Medical Facility, Vacaville, CA. (Doc. 1).

On October 20, 2026, the formerly assigned U.S. magistrate judge entered an order transferring Petitioner's petition (then denominated Case No. 2:25-cv-01097-EFB (HC)) to the Fresno Division of the Court, and the action was randomly assigned to the undersigned. (Doc. 5).

In his petition, Petitioner appears to seek to challenge a conviction for first degree burglary he sustained in Tulare County Superior Court on an unspecified date in or about 2021. (Doc. 1 at 1). However, the Court notes that the petitioner is captioned "Skeletal/Protective Petition" and "Motion for Stay and Abeyance." *Id.* However, considering the scarcity of the allegations in the petition, it is unclear to the undersigned whether and why Petitioner may seek to stay the action.

Separately, a routine review of the California Incarcerated Records and Information Search (CIRIS) tool produced no results using Petitioner's first and last name and/or CDCR number, indicating Plaintiff is no longer in the custody of the California Department of Corrections and Rehabilitation (CDCR), which may moot this action. *See Munoz v. Rowland*, 104 F.3d 1096, 1098 (9th Cir. 1997) (release of a prisoner moots a habeas corpus case); *Colin v. Warden*, No. 1:23-cv-00127-JLT-CDB (HC), 2025 WL 2260049, at *2 (E.D. Cal. July 25, 2025) (same), *recommendation adopted*, 2025 WL 2373532 (E.D. Cal. Aug. 14, 2025).

Accordingly, the Court will direct Petitioner to file supplement to his petition in which he clarifies whether and the grounds pursuant to which he seeks to stay this action. The Court admonishes Petitioner that he remains under a continuing duty to notify the Clerk of the Court and all other parties of any change of address by filing separate notice; absent such notice, service at prior address shall be fully effective. *See* E.D. Cal. Local Rule 182.

**Conclusion and Order**

Accordingly, IT IS HEREBY ORDERED that Petitioner SHALL FILE no later than November 12, 2026, a supplement to his petition in which he clarifies whether and the grounds pursuant to which he seeks to stay this action.

Any failure by Petitioner to timely comply with this order or to timely update his address as required under E.D. Cal. Local Rule 182 may result in a recommendation that this action be dismissed for failure to prosecute, failure to obey the Court's orders, and failure to comply with its Local Rules.

IT IS SO ORDERED.

Dated: **October 22, 2026**

UNITED STATES MAGISTRATE JUDGE