UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON YOUNG,<br>Petitioner,<br>v.<br>WILLIAMS, acting warden,<br>Respondent. | Case No. 1:26-cv-08642-CDB (HC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION WITHOUT PREJUDICE FOR PETITIONER'S FAILURE TO PROSECUTE THE CASE AND TO COMPLY WITH COURT ORDERS<br><br>(Doc. 8)<br><br>**<u>21-DAY DEADLINE</u>**<br><br><u>Clerk of the Court to Assign District Judge</u> |

Petitioner Aaron Young ("Petitioner") is a state prisoner proceeding pro se and *in forma pauperis* with a petition for writ of habeas corpus filed on April 14, 2025, pursuant to 28 U.S.C. § 2254, while Petitioner was in custody at the California Medical Facility, Vacaville, CA. (Doc. 1).

On October 20, 2026, the formerly assigned U.S. magistrate judge entered an order transferring Petitioner's petition (then denominated Case No. 2:25-cv-01097-EFB (HC)) to the Fresno Division of the Court, and the action was randomly assigned to the undersigned. (Doc. 5).

In his petition, Petitioner appears to seek to challenge a conviction for first degree burglary he sustained in Tulare County Superior Court on an unspecified date in or about 2021. (Doc. 1 at 1). However, the petition is captioned "Skeletal/Protective Petition" and "Motion for Stay and

Abeyance" and, considering the scarcity of the allegations in the petition, it is unclear to the undersigned whether and why Petitioner may seek to stay the action.

Accordingly, on October 22, 2026, the undersigned directed Petitioner to file by no later than November 12, 2026, a supplement to his petition in which he clarifies whether and the grounds pursuant to which he seeks to stay this action. (Doc. 8). Petitioner was admonished that he remains under a continuing duty to notify the Clerk of the Court and all other parties of any change of address by filing separate notice; absent such notice, service at prior address shall be fully effective. *Id.* at 2 (citing Local Rule 182).[1]

Petitioner failed to file a supplement in compliance with the Court's order and the deadline to do so has passed.

**<u>Governing Law and Analysis</u>**

A pro se petitioner must comply with orders of the court. Local Rule 183. Failure to comply with a court order may be grounds for imposition of sanctions, including dismissal or any other sanction appropriate under the Local Rules. L.R. 110, 183. The district court's inherent power to control its docket also allows the court to impose sanctions, including dismissal of an action. *Thompson v. Hous. Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986); *see* L.R. 110.

In considering whether to dismiss an action for failure to comply with a court order, the Court must weigh the following factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992)).

---

[1] On November 4, 2026, the Court's order of October 22 was returned "undeliverable, return to sender, inactive." Further, the California Incarcerated Records and Information Search (CIRIS) tool produced no results using Petitioner's first and last name and/or CDCR number, indicating Petitioner is no longer in the custody of the California Department of Corrections and Rehabilitation (CDCR), which may moot this action. *See Munoz v. Rowland*, 104 F.3d 1096, 1098 (9th Cir. 1997) (release of a prisoner moots a habeas corpus case); *Colin v. Warden*, No. 1:23-cv-00127-JLT-CDB (HC), 2025 WL 2260049, at *2 (E.D. Cal. July 25, 2025) (same), *recommendation adopted*, 2025 WL 2373532 (E.D. Cal. Aug. 14, 2025).

The Ninth Circuit has explained that "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Id.* (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Petitioner has failed to advance and prosecute this case by filing a supplement to the petition as directed by the Court, thereby delaying resolution of this litigation. Accordingly, this factor weighs in favor of dismissal.

The Court's need to manage its docket also weighs in favor of dismissal. "The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest . . . It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants." *Id.* Here, Petitioner's failure to respond to the Court's order is delaying this case and interfering with docket management. Therefore, the second factor also weighs in favor of dismissal.

With respect to the third factor, the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Id.* at 642 (citing *Yourish*, 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale." *Id.* at 643. Petitioner's failure to comply with the Court's order to file a supplement to the petition and to prosecute this case is causing a delay. The third factor also weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further, unnecessary expenditure of its scarce resources. Given Petitioner's pro se status, monetary sanctions would be of little efficacy. Moreover, at the early stage of these proceedings, the preclusion of evidence or witnesses is not appropriate. The Ninth Circuit has explained that "[a] district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). "A district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement." *Ferdik,* 963 F.2d at 1262. Here, Petitioner has been warned that failure to obey this Court's orders will result in a recommendation that this action be dismissed. (Doc. 8 at 2).

Additionally, because the dismissal being considered in this case is without prejudice, the Court is stopping short of imposing the harshest possible sanction of dismissal with prejudice.

The fifth factor, the public policy favoring the disposition of cases on their merits, ordinarily weighs against dismissal. *See In re Phenylpropanolamine Prods. Liab. Litig*., 460 F.3d 1217, 1228 (9th Cir. 2006). However, because Petitioner has disregarded the Court's order, this factor does not weigh completely against dismissal.

After weighing these factors and balancing the competing equities, the undersigned finds that dismissal without prejudice is appropriate for Petitioner's failure to prosecute the case and to obey the Court's orders.

**<u>Conclusion, Order, and Recommendation</u>**

Accordingly, the Clerk of the Court is DIRECTED to randomly assign a District Judge.

And, it is RECOMMENDED that:

1. This action be dismissed without prejudice for Petitioner's failure prosecute this action and to comply with the Court's orders; and
2. The Clerk of the Court be directed to close this case.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 21 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and shall not exceed 15 pages without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed beyond the 15-page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C).

///

///

A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: **November 16, 2026**

UNITED STATES MAGISTRATE JUDGE